IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SHAMROCK BANCSHARES, INC.,<br>(2) SHAMROCK BANK, N.A., and<br>(3) SHAMROCK BANCSHARES EMPLOYEE STOCK OWNERSHIP PLAN TRUST,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) EVEREST NATIONAL INSURANCE COMPANY,<br><br>      Defendant. | Case No.: **22-CV-252-JAR**<br><br>Removed from Coal County<br>Case No. CJ-22-25<br>Judge Paula Inge |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Everest National Insurance Company ("Everest"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-captioned case from the District Court of Coal County, Oklahoma to the United States District Court for the Eastern District of Oklahoma.

### GROUNDS FOR REMOVAL

1. Plaintiffs Shamrock Bancshares, Inc., Shamrock Bank, N.A., and Shamrock Bancshares Employee Stock Ownership Plan Trust filed a Petition against Everest in the District Court of Coal County, State of Oklahoma, Case No. CJ-22-25, alleging breach of contract and bad faith for failure to pay for the settlement of a lawsuit brought against Shamrock Bank, N.A.

2. This is a civil action removable pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

3. As required by 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served upon Everest are attached to this Notice of Removal as Exhibit 1. Pursuant to

LCvR 81.2, a copy of the state court docket sheet is attached hereto as Exhibit 2. The state court has not entered any orders in this action.

4. Plaintiffs served the Petition on Everest's designated agent for service of process, the Oklahoma Insurance Department, on August 16, 2022. *See* Exhibit 1 at pg. 11. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

### A. This Court Has Diversity Jurisdiction

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs and Defendant and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

6. For purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the states where (i) it is incorporated; and (ii) its principal place of business is located. A federally charted bank is a citizen of the state in which it is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); 28 U.S.C. § 1348. A trust is a citizen of the state to which it belongs. *Americold Realty Tr. v. Conagra Foods, Inc*. 577 U.S. 378 (2016).

7. As acknowledged in Plaintiffs' Petition, Defendant Everest is a Delaware corporation with its principal place of business located in New Jersey. Exhibit 1 at pg. 2, ¶ 4. Plaintiff Shamrock Bancshares, Inc. alleges it is "an Oklahoma corporation duly licensed to do business in Oklahoma, with its principal place of business in Coal County, State of Oklahoma." *Id*. at pg. 1, ¶ 1. Plaintiff Shamrock Bank, N.A. is a federally chartered bank located in Oklahoma. *Id*. at pg. 1, ¶ 2. Plaintiff Shamrock Bancshares Employee Stock Ownership Plan Trust is allegedly based in Coal County, Oklahoma. *Id*. at pg. 2, ¶ 3. Accordingly, Plaintiffs are not citizens of the same state as Defendant.

8. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* Exhibit 1 at pg. 2, ¶ 5.

9. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

10. In accordance with 28 U.S.C. §1446(d), a written notice of this removal is being served on all adverse parties and a copy of the notice filed with the Clerk of the Court from which this action is removed.

### 1. **Fraudulent Joinder**

11. In addition to the foregoing, the citizenship of Shamrock Bancshares Employee Stock Ownership Plan Trust ("Trust") and Shamrock Bancshares, Inc. are irrelevant for the purposes of determining diversity jurisdiction. They were fraudulently joined because they have no cause of action against Everest. *See Long v. Halliday*, 768 Fed.Appx. 811, 813 (10th Cir. 2019) (fraudulent joinder does not require fraud in the technical sense, but "is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists."). A court may "consider the entire record, and determine the basis of joinder by any means available" to decide whether a plaintiff lacks a cause of action against a defendant. *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 Fed.Appx. 911, 913 (10th Cir. 2006).

12. Everest issued Directors and Officers Liability Insurance Policy No. 8100005017-181 for the period of March 3, 2018 to March 3, 2021. *See* Everest Policy, attached hereto as Exhibit 3[1]; Exhibit 1 at pg. 2, ¶¶ 6-7. Each of the Plaintiffs is separately identified as a Named

---

[1] Insofar as the state court Petition by which this lawsuit was commenced specifically relied upon, and referred to, the subject insurance policy, it is deemed to be incorporated by reference into the Petition. *Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 136, fn. 10 (Okla. 1998) (citing

Insured and constitutes a "Company" under the terms of the policy. Exhibit 3 at pg. 1, Item 1 and pg. 7, Section IV-Definitions.

13. In relevant part, the Everest Policy contains a Broad Form Company Liability Insuring Agreement, which states that Everest "will pay on behalf of the Company, Loss resulting from Claims first made during the Policy Period or Extended Reporting Period against the Company for allegations involving or relating to: (1) Lending Services; (2) Professional Services, including but not limited to Brokerage/Advisory Services and Insurance Services; (3) the Company while acting solely in the capacity as administrator, custodian, or trustee under any individual retirement account (IRA) or H.R. 10 Plan (Keogh Plan) outside of the scope of any Trust Department or Trust Subsidiary of the Company; or (4) other causes of action for which the Company is legally obligated to pay for Wrongful Acts." *Id.* at pg. 48. A Claim is defined, in relevant part, as "a civil proceeding commenced by the service of a complaint or similar pleading." *Id.* at pg. 6, Section IV- Definitions. "Loss" is defined, in part, as "any amount which the Insured is legally obligated to pay resulting from a Claim, including damages, judgments, settlements, and pre- and post-judgment interest." *Id.* at pg. 9, Section IV-Definitions.

14. While the Trust and Shamrock Bancshares, Inc. are both Named Insureds under the Everest Policy, Shamrock Bank, N.A. was the only defendant in the underlying litigation that is the subject of this coverage action. As Plaintiffs acknowledge in their Petition, "Shamrock filed a lawsuit entitled *Shamrock Bank, N.A. v. Byford-Le Norman Chickasha, et al.*, Case No. CJ-2020-30, for loan collection, in the district court of Coal County, Oklahoma." Exhibit 1 at pg. 3, ¶ 13. The borrower and its principal owner, however, filed a separate suit against Shamrock Bank, N.A.

---

Fed.R.Civ.P. 10(C)). Federal law in this Circuit is in accord. *Employees' Retirement System of Rhode Island v. Williams Companies, Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018).

in another county. *Id.* at pg. 3-4, ¶ 14. The borrower and principal owner dismissed their suit and brought a counter-lawsuit only against Shamrock Bank, N.A. in the Coal County action ("Counter-Lawsuit"). *Id.* at pg. 4, ¶ 17; *see* Counterclaim in Coal County lawsuit CJ-2020-30, attached hereto as Exhibit 4. Shamrock Bank, N.A. alleges it is entitled to insurance coverage from Everest for the amount it allegedly paid to settle the Counterclaim.

15. Indeed, Plaintiffs allege that Shamrock Bank, N.A. "was forced to pay the entire amount to settle the Counter-Lawsuit…." Exhibit 1 at pg. 6, ¶ 34. It is further alleged that "the claims against Plaintiff were based on causes of action that are covered under the terms of the policy" and that Everest breached the terms of the policy because "Defendant has refused to pay Plaintiff any money for the amounts it paid to resolve the counterclaims filed against it as outlined above." *Id.* at pg. 6, ¶ 37, and pg. 7, ¶ 44.

16. Plaintiff Shamrock Bancshares, Inc. is alleged to be "the parent entity and sole owner of Shamrock Bank, N.A." *Id*. at pg. 1, ¶ 1. The Trust is alleged to be "the employee entity that is the majority stockholder of Shamrock Bancshares, Inc…." *Id.* at pg. 2, ¶ 3. That is the only explanation for why those two parties are included as plaintiffs, but that is no basis for those parties to bring, let alone succeed, on claims for breach of contract and bad faith under Oklahoma law. Simply put, there were no Claims made against them, which are required to trigger the insuring agreement of the Everest Policy. Only Shamrock Bank, N.A. was sued in the "Counter-Lawsuit" and entered into the settlement with the underlying plaintiffs. As such, only Shamrock Bank, N.A. has a potential Claim under the Everest Policy.

17. An insured that has no liability claim against it has no claim for coverage under a liability insurance policy. Likewise, it has no basis to assert breach of contract or bad faith for the alleged failure of an insurer to pay or handle a non-existent claim. *Morgan v. State Farm Mut.*

*Auto. Ins. Co.*, 488 P.3d 743, 746 (Okla. 2021) (stating essential element for breach of duty of good faith and fair dealing is that the insured's claim was covered under the insurance policy and breach of contract requires breach of a contractual obligation and resulting damages).

18. Accordingly, the citizenship of the Trust and Shamrock Bancshares, Inc. is irrelevant to determining diversity jurisdiction in this case.[2]

19. Thus, both by virtue of the diversity of citizenship of all parties named in this lawsuit, as well as the diversity of citizenship of the parties properly joined in this lawsuit, together with the amount in controversy exclusive of interest and costs, this action is properly removable to this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Everest National Insurance Company respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it has removed this action from the District Court of Coal County, State of Oklahoma to this Court.

---

[2] While fraudulent joinder traditionally involves an improperly joined defendant, the doctrine is applicable to improperly joined plaintiffs. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 294 F.Supp.2d 667, 673 (E.D. Pa. 2003) ("In resolving whether a plaintiff is fraudulently joined to defeat diversity…we are simply invoking the same principles as we would invoke in the more common situation where a defendant is fraudulently joined"); *Intershoe, Inc. v. Filanto S.P.A.*, 97 F.Supp.2d 471, 474 (S.D.N.Y. 2000) ("the fraudulent joinder doctrine also requires the court to disregard the presence of a plaintiff who is not a 'real party in interest'"); *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F.Supp.2d 604, 607 (W.D. Ky. 2010) ("The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties, [which] is fulfilled both where the plaintiff improperly sues non-diverse defendants against whom it has no viable claim and where the plaintiff joins additional non-diverse plaintiffs who have no viable claims."); *Kansas State Univ. v. Prince*, 673 F.Supp.2d 1287, 1294 (D. Kan. 2009) ("This court believes that in an appropriate case such as this one, the Tenth Circuit would apply the fraudulent joinder doctrine to a non-diverse plaintiff, as there is 'no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs.'") (citation omitted).

Respectfully submitted,

*s/ Phil R. Richards*
Phil R. Richards, OBA #10457
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone: 918/585.2394
Facsimile: 918/585.1449
Email: prichards@richardsconnor.com

**ATTORNEY FOR DEFENDANT**
**EVEREST NATIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Robert R. Redwine, Esq. – rob@bethanylaw.com
James Richard Martin, Jr., Esq. – rick@bethanylaw.com

**ATTORNEYS FOR PLAINTIFF**

Additionally, pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal was mailed, first class, U.S. Mail, proper postage prepaid thereon to the following:

LaDonna Flowers
Coal County Court Clerk
4 N. Main Street
Coalgate, Oklahoma 74538

*s/Phil R. Richards*