IN THE DISTRICT COURT OF COAL COUNTY
STATE OF OKLAHOMA

1) SHAMROCK BANCSHARES, INC., )
   an Oklahoma corporation )
    )
2) SHAMROCK BANK, N.A., )
   a national banking association )
    )
3) SHAMROCK BANCSHARES )
   EMPLOYEE STOCK OWNERSHIP )
   PLAN TRUST, )
    )
       Plaintiffs, )
    )
     -vs- )   Case No. CJ-22-25
    )
1) EVEREST NATIONAL INSURANCE )
   COMPANY, )
   a Delaware corporation )
    )
      Defendant. )



FILED IN DISTRICT COURT
COAL COUNTY OKLAHOMA
JUL 28 2022
LADONNA FLOWERS, COURT CLERK
_____, DEPUTY

## PETITION

SHAMROCK BANCSHARES, INC., SHAMROCK BANK, N.A., and SHAMROCK BANCSHARES EMPLOYEES STOCK OWNERSHIP PLAN TRUST, hereinafter referred to as "Plaintiffs", and for their causes of action against EVEREST NATIONAL INSURANCE COMPANY, hereinafter referred to as "Defendant," hereby allege and state as follows:

1. That at all times pertinent to this action, SHAMROCK BANCSHARES, INC., was an Oklahoma corporation duly licensed to do business in Oklahoma, with its principal place of business in Coal County, State of Oklahoma and is the parent entity and sole owner of SHAMROCK BANK, N.A.

2. That at all times pertinent to this action, SHAMROCK BANK, N.A., ("Shamrock") was a national banking association, with its principal place of business in Coal County, State of Oklahoma.



EXHIBIT 1

ENIC 1

3. That SHAMROCK BANCSHARES EMPLOYEE STOCK OWNERSHIP PLAN TRUST is the employee entity that is the majority stockholder of SHAMROCK BANCSHARES, INC. and is based in Coal County, State of Oklahoma.

4. That at all times pertinent to this action EVEREST NATIONAL INSURANCE COMPANY, was a Delaware corporation, with its principal place of business in Warren, State of New Jersey.

5. That jurisdiction and venue are proper herein, and the amount in controversy exceeds $75,000.

6. That at all times pertinent to this action, the parties hereto had a policy of insurance in force and in effect from the period of March 3, 2018 to March 3, 2021.

7. That Defendant sold Plaintiffs a policy of insurance that included coverage for Directors & Officers Liability, Securities Liability, Board Form Company Liability, Fiduciary Liability and Employment Practices Liability (the "Policy").

8. That pursuant to the terms of the Policy Plaintiffs had with Defendant, any claims brought under those certain sections of coverage, as listed in Paragraph No. 7, above, required Defendant to indemnify Plaintiffs for claims brought against them and covered under those sections; however, Plaintiffs –and not Defendant—were required to provide a defense to, and defend themselves against, legal proceedings that were covered under those sections.

9. That under the terms of the Policy Plaintiffs had with Defendant, Defendant agreed to "pay on behalf of Insured Persons, Loss resulting from a Claim first made during the Policy Period....against the Insured Persons for Wrongful Acts for which the Insurance Persons are legally obligated to pay...."

ENIC 2

10. That under the terms of the Policy Plaintiffs had with Defendant, Defendant agreed to "pay on behalf of the Company, Loss resulting from a Claim first made during the Policy Period....against the Insured Persons for Wrongful Acts for which the Company has agreed to or is legally permitted or required by law to indemnify the Insured Persons."

11. That under the terms of the Policy, **Wrongful Act** is defined as:

> any actual or alleged error, omission, misstatement, misleading statement, neglect or breach of duty by:
>
> (1) any **Insured Person** in the discharge of their duties while acting solely in the capacity as such;
>
> (2) any **Insured Person** while acting solely in the capacity as director, officer, or member of the board of trustees of a not-for-profit entity pursuant to Section II (B); or
>
> (3) the **Company**, but only to the extent that coverage is granted to the **Company** by an Insuring Agreement made a part of this **Policy**.

12. That on December 20, 2020, Shamrock received an email from a borrower that alleged multiple claims and threatened litigation against Shamrock.

13. That on December 28, 2020, after not receiving a response to a communication regarding the dispute, Shamrock filed a lawsuit entitled *Shamrock Bank, N.A. v. Byford-Le Norman Chickasha, et al.*, Case No. CJ-2020-30, for loan collection, in the district court of Coal County, Oklahoma.

14. That on December 30, 2020, prior to the borrower being served in the above Coal County lawsuit, the borrower, and its principal owner, filed their lawsuit *Merit Chickasha BG, LLC (formerly Byford-Le Norman Chickasha BG, LLC) et al v. Shamrock Bank, N.A.*, Case No. CJ-2020-6194 in the District Court for Oklahoma County, Oklahoma. The lawsuit alleged Shamrock was guilty of several torts, errors, neglect and breach of duty in several areas, including negligent advances of funds, negligent monitoring of collateral, negligent

ENIC 3

management of floor plan loans, civil conspiracy, and aiding and abetting. Borrower's majority owner also requested relief in the form of declaring personal guaranties void.

15. That Plaintiffs promptly notified Defendant of the lawsuit *Merit Chickasha BG, LLC (formerly Byford-Le Norman Chickasha BG, LLC et al v. Shamrock Bank, N.A.*, Oklahoma County Case No. CJ-2020-6194, and the claims against it, pursuant to the Policy.

16. That the damages sought to be recovered from Shamrock Bank, N.A. did not arise simply from loan losses, but arose out of allegations of systemic institutional negligence, errors, omissions, misstatements, neglect and breach of duty by several means, including but not limited to:

    a. failing to use ordinary care in failing to verify proper titles;

    b. failing to use ordinary care, in establishing and setting advances; and

    c. failing to execute its inventory inspection regime.

17. That the Coal County Court determined it had jurisdiction and venue as the first filed lawsuit. The borrower/counter-plaintiff then dismissed without prejudice its initial lawsuit filed in Oklahoma County Court as Case No. CJ-2020-6194 and re-filed it as a countersuit in Coal County Court (the "Counter-Lawsuit") in Coal County Case No. CJ-2020-30.

18. That following a multiple day evidentiary hearing in which the relief sought by Shamrock was denied in Coal County Case No. CJ-2020-30, the District Judge expressed the view the dispute was likely to go to trial and advised/instructed the parties to go to mediation in an attempt to resolve the matters.

19. That the parties agreed on retired District Court and Oklahoma Court of Appeal Judge, Honorable William Hetherington as the mediator.

20. That the case was set for mediation on July 30, 2021.

ENIC 4

21. That Plaintiffs gave Defendant advance notice of the mediation.

22. That Plaintiffs invited and asked claims representatives from Defendant to participate in the mediation.

23. That the claims representative of Defendant declined, failed, refused and neglected to attend the mediation, even by remote communication or video means.

24. That the claims representative of Defendant, in refusing to attend the mediation, told Plaintiffs' counsel that she would be available late in the day by phone, if necessary.

25. That Defendant never requested any written information or analysis of the Counter-Lawsuit prior to the mediation; however Plaintiffs provided Defendant's claims representative with responses to verbal requests for information regarding the Counter-Lawsuit prior to mediation.

26. That Defendant Everest herein was advised that the defendants/counter-plaintiffs in the Counter-Lawsuit were seeking more than $7 million in damages by their counterclaims based on errors, omissions, neglect, breach of duty and other torts that they claimed resulted in such damages.

27. That Plaintiffs contacted Defendant's claims representative during the mediation and advised that they had negotiated a deal in which they could settle the Counter-Lawsuit for a sum certain that is confidential pursuant to the terms of the Settlement Agreement ultimately reached.

28. That Defendant's claims representative advised Plaintiffs that she did not have enough authority and would have to call someone "with more authority."

29. That Defendant's claims representative never offered the amount of authority that she possessed to settle the case.

30. That Defendant subsequently had a supervisory claims representative join the representative in a brief call with the Plaintiffs during the mediation.

31. That the Defendant, through its supervisory claims representative complained of the mediation being conducted on a Friday afternoon and the absence of a written analysis of the Counter-Lawsuit, neither of which were raised/requested by Defendant prior to mediation. On this basis, Defendant refused to participate, at all, in any effort to settle or resolve the Counter-Lawsuit during mediation.

32. That Defendant would not agree to pay any amount, at all, or to otherwise participate in any resolution of the Counter-Lawsuit.

33. That Plaintiff settled the Counter-Lawsuit during the mediation and the parties and the mediator Honorable William Hetherington signed a Mediation Agreement stating the terms of the settlement reached on the same date. This agreement was subsequently codified into a formal Confidential Settlement Agreement.

34. That Plaintiff was forced to pay the entire amount to settle the Counter-Lawsuit as a result of Defendant's unreasonable refusal to participate in mediation and settlement, which amount defendant/counter-plaintiffs applied towards certain outstanding indebtedness.

35. That actions based on negligence, errors, omissions, and breach of duty, as were alleged against Plaintiffs in the Counter-Lawsuit, are covered claims under the terms of the Policy at issue.

36. That Plaintiffs acted reasonably in settling and resolving the causes of actions set forth in the Counter-Lawsuit.

37. That Defendant knew that the claims against Plaintiff were based on causes of action that are covered under the terms of the policy.

38. That Defendant has been advised as to what payments Plaintiff herein made or gave credit to the counter-plaintiffs in the underlying action in order to get the case resolved.

39. That Plaintiffs have made demand on Defendant for payment of the amounts at issue, but Defendants have failed, refused and neglected to pay Plaintiffs or make any payment at all in regard to the amount Plaintiffs had to effectively pay the Defendants in the underlying case.

40. That Plaintiffs have fully cooperated with Defendant under the terms of the Policy.

## FIRST CAUSE OF ACTION

41. That Plaintiffs hereby adopt and incorporate by reference herein all material allegations contained in Paragraphs 1-40 above as though fully set forth herein.

42. That Plaintiffs have demanded Defendant pay them the money it paid or effectively paid Defendant in the underlying case to resolve the case.

43. That the claims as outlined above are covered under the terms of the Policy.

44. That Defendant has refused to pay Plaintiff any money for the amounts it paid to resolve the counterclaims filed against it as outlined above.

45. That the failure to pay the amounts claimed constitute a breach of the contract and policy of insurance that Plaintiffs had purchased from Defendant.

WHEREFORE, Plaintiffs now pray that judgment be rendered on their behalf and against Defendant in an amount in excess of $75,000, plus all costs incurred in connection with the prosecution of this action, a reasonable attorneys' fee and all other relief this Court deems just and proper.

## SECOND CAUSE OF ACTION

46. That Plaintiffs hereby adopt and incorporate by reference herein all material allegations contained in Paragraphs 1-45 above as though fully set forth herein.

47. That Defendant owed Plaintiffs a duty of good faith and fair dealing pursuant to the contract of insurance in force and in effect at the time these events occurred.

48. That Defendant breached its duty of good faith and fair dealing by:

    a. failing to timely and properly conduct an investigation of the claim;

    b. failing to timely and properly evaluate the claim and losses asserted against its insured (Plaintiff herein);

    c. unreasonably refusing to participate in mediation or settlement of the case and then contending it is not bound by any settlement terms Plaintiff negotiated in its absence;

    d. failing to timely pay benefits owed Plaintiff under the terms of the Policy;

    e. misrepresenting facts related to the Counter-Lawsuit and Plaintiff's Claim under the Policy;

    f. misrepresenting coverages that existed under the terms of the Policy; and

    g. requesting written information from Plaintiff only after settlement, and then for the sole apparent purpose of defending its own actions in refusing to participate in settling/resolving the Policy Claim and rejecting the settlement of the Counter-Lawsuit negotiated by Plaintiff during mediation.

WHEREFORE, Plaintiffs now pray that judgment be rendered on their behalf and against Defendant in an amount in excess of $75,000, plus all costs incurred in connection with the prosecution of this action, a reasonable attorneys' fee and all other relief this Court deems just and proper.

## THIRD CAUSE OF ACTION

49. That Plaintiffs hereby adopt and incorporate by reference herein all material allegations contained in Paragraphs 1-48 above as though fully set forth herein.

50. That Defendant's actions were unreasonable and constituted both reckless and intentional conduct that qualifies as conduct in which Defendants should be subjected to punitive damages in manner consistent with Oklahoma's scheme of punishing wrongdoing by those who act in reckless and intentional manner.

WHEREFORE, Plaintiffs now pray that judgment be rendered on their behalf and against Defendant in an amount in excess of $75,000, plus all costs incurred in connection with the prosecution of this action, a reasonable attorneys' fee and all other relief this Court deems just and proper.

Respectfully submitted,

Robert R. Redwine, OBA #18131
Rob@BethanyLaw.com
Direct Phone: 405-513-5700
James Richard Martin, Jr., OBA #11915
Rick@BethanyLaw.com
Direct Phone: 405-949-1475
THE BETHANY LAW CENTER, LLP
6666 NW 39TH Expressway
Bethany, OK 73008
Fax: 405-787-6913

*Attorneys for Plaintiff*

## DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 12 O.S. § 426

My name is Curtis Armor, Senior Vice President of the Plaintiff, Shamrock Bank, N.A., in the above referenced Litigation.

I state under penalty of perjury under the laws of Oklahoma that the foregoing Petition is true and correct to the best of my knowledge, information and belief.

Executed on July 28, 2022, at Colgate, Oklahoma.

_____
Curtis Armor

**ENIC 10**

2337

IN THE DISTRICT COURT OF COAL COUNTY
STATE OF OKLAHOMA

1) SHAMROCK BANCSHARES, INC., )
    an Oklahoma corporation )
    )
2) SHAMROCK BANK, N.A., )
    a national banking association )
    )
3) SHAMROCK BANCSHARES )
    EMPLOYEE STOCK OWNERSHIP )
    PLAN TRUST, )
    )
        Plaintiffs, )
    )
        -vs- )   Case No. CJ-22-25
    )
1) EVEREST NATIONAL INSURANCE )
    COMPANY, )
    a Delaware corporation )
    )
        Defendant. )

ISSUED

OKLAHOMA INSURANCE DEPARTMENT
RECEIVED
AUG 16 2022
LEGAL DIVISION

**SUMMONS**

To the above-named Defendant:

Everest National Insurance Company
c/o Oklahoma Insurance Commissioner
Oklahoma Insurance Department
400 N.E. 50th Street,
Oklahoma City, OK 73105

You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorneys for the Plaintiffs.

Unless you answer the Petitions within the time stated, judgment will be rendered against you with costs of the action.

Issued this ____ day of July, 2022.

LADONNA FLOWERS, COURT CLERK
By _____
    Deputy Court Clerk

[SEAL: DISTRICT COURT COAL COUNTY OK]

Attorneys for Plaintiffs:
Robert R. Redwine, OBA #18131
Rob@BethanyLaw.com
Direct Phone:   405-513-5700
James Richard Martin, Jr., OBA #11915
Rick@BethanyLaw.com
Direct Phone:   405-949-1475
THE BETHANY LAW CENTER, LLP
6666 N.W. 39th Expressway
Bethany, OK 73008
Fax:   (405) 787-6913

This summons was served on _____

ENIC 11

(date of service)

_____
Signature of person serving summons

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

**ENIC 12**

IN THE DISTRICT COURT OF COAL COUNTY
STATE OF OKLAHOMA

1) SHAMROCK BANCSHARES, INC., )
an Oklahoma corporation )
)
2) SHAMROCK BANK, N.A., )
a national banking association )
)
3) SHAMROCK BANCSHARES )
EMPLOYEE STOCK OWNERSHIP )
PLAN TRUST, )
)
Plaintiffs, )
)
-vs- ) Case No. CJ- 22-25
)
1) EVEREST NATIONAL INSURANCE )
COMPANY, )
a Delaware corporation, )
)
Defendant. )

**FILED IN DISTRICT COURT COAL COUNTY OKLAHOMA JUL 28 2022 LADONNA FLOWERS, COURT CLERK, DEPUTY**

## ENTRY OF APPEARANCE

Robert R. Redwine and James Richard Martin, Jr. of the law firm The Bethany Law Center, LLP enter their appearance on behalf of Plaintiffs: 1) SHAMROCK BANCSHARES, INC., 2) SHAMROCK BANK, N.A., and 3) SHAMROCK BANCSHARES EMPLOYEE STOCK OWNERSHIP PLAN TRUST in the above-styled matter. Counsel also consents to receive service via electronic means in accordance with 12 O.S. §§ 2005(B) and 2005.2(A).

Respectfully submitted,

Robert R. Redwine, OBA #18131
Rob@BethanyLaw.com
Direct Phone: 405-513-5700
**James Richard Martin, Jr., OBA #11915**
Rick@BethanyLaw.com
Direct Phone: 405-949-1475
THE BETHANY LAW CENTER, LLP
6666 NW 39TH Expressway
Bethany, OK 73008
Fax:   405-787-6913
*Attorneys for Plaintiffs*